IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSELEONARDO A. L., <br><br>**Plaintiff,** <br><br> v. <br><br> KILOLO KIJAKAZI, Commissioner of Social Security <br><br> **Defendant.** | Case No. 20-CV-4083-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff's application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in determining Plaintiff's residual functioning capacity ("RFC"), and the decision is not supported by substantial evidence. Because the Court concludes the Commissioner's findings are supported by substantial evidence, the Court affirms the Commissioner's decision.

**I.    Procedural History**

On September 11, 2017, Plaintiff protectively applied for a period of disability and disability insurance benefits. He alleged a disability onset date of September 6, 2017. Plaintiff's applications were denied initially and upon reconsideration. He then asked for a hearing before an ALJ.

After a hearing on October 9, 2019, the ALJ issued a written decision on November 26, 2019, finding that Plaintiff was not disabled. Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. Plaintiff's request for review

was denied in October 2020. Accordingly, the ALJ's November 2019 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and remand of the case for further consideration. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II. Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards.[1] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[3]

## III. Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[4]

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

[4] 42 U.S.C. §§ 423(d)(2)(A), 416(i)(1)(a).

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .[5]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe impairment, or combination of severe impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8] "If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is [the claimant's] ability to do physical and mental work activities on a sustained basis despite limitations from [his] impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[10] The claimant bears the burden in steps one through four to prove a

---

[5] *Id*. § 423(d)(2)(A).

[6] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7] *Barkley v. Astrue*, Case No. 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (first quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); and then quoting *Williams v. Brown*, 844 F.2d 748, 751 (10th Cir. 1988)); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[9] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

disability that prevents performance of his past relevant work.[11] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

In this case, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. He determined at step two that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease in the right shoulder, anxiety, and depression. At step three, the ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. Continuing, he determined that Plaintiff had the RFC to

> perform medium work as defined in 20 CFR 404.1567(c). The claimant can occasionally climb stairs and ramps, but he can never climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. The claimant's ability to reach overhead is limited to occasional overhead reaching. He should avoid concentrated exposure to extreme cold, unprotected heights, excessive vibration, [and] hazardous machinery. The claimant is limited to unskilled, routine, repetitive tasks; can adapt to simple or routine work changes; makes simple work related decisions; and can maintain concentration for two-hour segments over an eight-hour period. Any jobs should not require that English be a primary language as part of the jobs.[13]

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work. After considering Plaintiff's age, education, work experience, and RFC, he determined at step five that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy. Thus, the ALJ concluded that Plaintiff had not been under a disability from September 6, 2017 through the date of his decision.

---

[11] *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005)).

[12] *Id*. (quoting *Hackett*, 395 F.3d at 1171).

[13] Doc. 9-1 at 32.

**IV.   Discussion**

Plaintiff asserts that the ALJ's RFC is not supported by substantial evidence because the ALJ did not provide a sufficient rationale for both rejecting and accepting certain medical opinions in the record.  He states that the ALJ improperly rejected Plaintiff's treating physician's opinion (Dr. Lopez) and instead relied on two state agency doctors' opinions (Drs. McGraw and Eades).  The Commissioner contends that the ALJ properly evaluated the persuasiveness of the evidence under the new regulations governing medical evidence.  The Commissioner also asserts that the ALJ properly articulated his reasoning.  Thus, the Commissioner asserts the ALJ's RFC is proper and supported by substantial evidence.

Initially, the Court notes that Plaintiff filed his claim on September 11, 2017, and new regulations govern the review of medical evidence for claims filed after March 27, 2017.[14]  The regulations state that the social security agency will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."[15]  Instead, the agency will consider specific appropriate factors, including the supportability, consistency, relationship with the claimant, physician's specialization, and other factors.[16]  A medical opinion is defined as "a statement from a medical source about what [the claimant] can still do despite [the claimant's] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or

---

[14] *See* 20 C.F.R. §§ 404.1520c, 416.920c; *see also McGregor v. Saul*, No. CIV-19-496-SM, 2019 WL 7116110, at *3 (W.D. Okla. Dec. 23, 2019) ("Under the revised regulations, the ALJ gives no specific evidentiary weight to any medical opinions." (internal quotation marks and citations omitted)); *Bills v. Comm'r, SSA*, 748 F. App'x 835, 838 n.1 (10th Cir. 2018) (noting the revised regulations applicable to claims filed on or after March 27, 2017).

[15] 20 C.F.R. § 404.1520c(a).

[16] *Id.*; § 404.1520c(c)(1)–(5).

restrictions . . . ."[17]  Prior administrative medical findings are ones from "[f]ederal or [s]tate agency medical or psychological consultants."[18]

The most important factors in evaluating the persuasiveness of a medical opinion or prior administrative medical finding are supportability and consistency.[19]  Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [the] medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."[20]  As to the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."[21]

Here, the ALJ found the state agency medical consultants' opinions that Plaintiff was capable of medium exertion level work with additional postural limitations persuasive. Specifically, the ALJ stated that their opinions were consistent and supported by the record because the records showed that Plaintiff exhibited some pain and limited range of motion in his back and shoulders.  The ALJ also noted that their opinions were consistent with records showing that Plaintiff generally exhibited a steady gait, normal strength, normal sensation, and no motor deficits.  The ALJ, however, further limited Plaintiff's ability to perform postural and manipulative functions based on evidence received at the hearing level.

---

[17] *Id.* § 404.1513(a)(2).  The regulation then delineates specific abilities/restrictions that the medical opinion should address.  *Id.* § 404.1513(a)(2)(i)–(iv).

[18] *Id.* § 404.1513a(b)(1); § 404.1513(a)(5).

[19] *Id.* § 404.1520c(a).

[20] *Id.* § 404.1520c(c)(1).

[21] *Id.* § 404.1520c(c)(2).

Plaintiff complains that the state agency consultants did not see or examine him. There is no requirement, however, for the state agency consultants to examine a claimant. Instead, the ALJ considers whether their opinions are persuasive by considering the supportability, consistency, relationship with the claimant, physician's specialization, and other factors. Here, the state agency consultants considered evidence of record and specifically stated all the evidence they considered in making their determinations. Indeed, the ALJ specifically noted that the state agency consultants considered the evidence of record and that their opinions were consistent with that evidence.

Plaintiff also argues that the state agency consultants did not have all the medical records, so their opinions could not be supported by or consistent with the evidence. Specifically, Plaintiff asserts that his treating physician's opinion was provided after the date the state agency consultants performed their medical review. Dr. McGraw did provide his review prior to the receipt of Plaintiff's treating physician's opinion and thus did not have Dr. Lopez's summary to consider.[22] Dr. Eades, however, performed her review after receiving Dr. Lopez's opinion and noted that it was part of the evidence that she considered in making her medical finding. Substantial evidence supports the ALJ's finding that the state agency consultants' opinions were persuasive because they were consistent and supported by the evidence in the record, and the ALJ's reasons were properly articulated in his opinion.

Plaintiff also argues that the ALJ's rationale for finding the opinion of Dr. Lopez, his treating physician, unpersuasive is not supported by substantial evidence. With regard to Dr. Lopez, the ALJ noted that Dr. Lopez provided a summary of Plaintiff's treatment of neural therapy, low density laser therapy, and ozone therapy that resulted in partial improvement in

---

[22] As will be noted below, Plaintiff's treating physician's statement was extremely limited and cursory.

7

Plaintiff's chronic pain. The ALJ also noted Dr. Lopez's finding of functional limitations but found that the pattern of clinical findings did not support Dr. Lopez's report of reduced strength. The ALJ nevertheless included a limitation on Plaintiff's ability to reach overhead based on his findings. Thus, the ALJ primarily discounted Dr. Lopez's opinion but also adopted a limitation.

The Court finds that substantial evidence supports the ALJ's RFC finding and treatment of Dr. Lopez's opinion. Dr. Lopez's October 17, 2018 summary was a conclusory one-paragraph statement that did not include any specific functional limitations and was not supported by any medical evidence.[23] Instead, Dr. Lopez simply stated that "functional limitations persists in both shoulders, characterized by a decrease in strength in the upper extremities."[24] Furthermore, as the Commissioner notes, Dr. Lopez's letter does not constitute a "medical opinion" that the ALJ was required to discuss. 20 C.F.R. § 404.1513(a)(2) requires a medical source's statement to provide what work the claimant can still do and provide specific functional limitations to be considered a "medical opinion."[25] Here, Dr. Lopez's statement did not do so. Thus, the ALJ's reasons for finding Dr. Lopez's opinion unpersuasive are sufficiently stated in the record and supported by the evidence.

---

[23] The ALJ's discussion of Dr. Lopez's statement was almost as long as Dr. Lopez's statement regarding Plaintiff's treatment and abilities.

[24] Doc. 901 at 507 (Exb. 8F).

[25] 20 C.F.R. § 404.1513(a)(2)(i)–(iv).

## V.     Conclusion

The ALJ's RFC determination is supported by substantial evidence.  Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: December 16, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
